UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
                                                                          :

**GEETA BUGTANI**,

                         Plaintiff,

                      **MEMORANDUM DECISION AND ORDER**

          – against –

                      18-CV-5003 (AMD) (MMH)

**DISH NETWORK LLC**,

                       Defendant.
------------------------------------------------------------------ X

**ANN M. DONNELLY**, United States District Judge:

      Before the Court is the *pro se* plaintiff's motion pursuant to Section 10(a)(3) of the Federal Arbitration Act (the "FAA") to strike an arbitrator's interim award and void her arbitration agreement with her former employer, defendant Dish Network LLC. (ECF No. 43.) For the reasons explained below, the motion is denied.

## BACKGROUND

      On March 3, 2018, the defendant fired the plaintiff, a customer service representative. The plaintiff filed a demand for arbitration with the American Arbitration Association (the "AAA") pursuant to her employment contract on June 29, 2018. (ECF No. 48-2 at 2-3.) Two months later, she withdrew the demand and brought this action alleging discrimination, a hostile work environment and retaliation. (ECF Nos. 1, 10 at 3-6.) The plaintiff also claimed whistleblower protection under the Sarbanes-Oxley Act, 18 U.S.C. § 1514A. On November 5, 2018, the defendant moved to compel arbitration and dismiss the complaint. (ECF No. 8.) On July 8, 2019, I dismissed the plaintiff's Sarbanes-Oxley Act claim, granted the defendant's motion to compel arbitration of the remaining claims and stayed this action pursuant to Section 3 of the FAA. (ECF No. 25.)

On December 4, 2020, almost eighteen months after I issued the order to compel arbitration, the defendant informed the Court that the plaintiff had filed a new demand for arbitration with the AAA, but then expressed concerns with the process and advised the defendant that she was no longer interested in participating in the arbitration proceedings. (ECF No. 29.) In a September 27, 2020 letter to the Court, the plaintiff raised concerns about the neutrality of the AAA process and requested that I order pre-arbitration discovery. On December 28, 2020, I issued an order describing the limits of the Court's jurisdiction over the plaintiff's claims pursuant to the FAA, and warned the plaintiff that I would dismiss her case for failure to prosecute under Federal Rule of Civil Procedure 41(b) if she refused to participate in the arbitration proceedings. (ECF No. 30.)

After the plaintiff submitted an arbitrator selection form on December 23, 2020, the AAA applied its ordinary procedures and appointed Theodore Chen as arbitrator. (ECF No. 31.) The plaintiff objected because Mr. Chen was arbitrating an unrelated matter in which one of the defendant's attorneys, Steven Seidenfeld, represented the respondent; the plaintiff withdrew her objection on January 19, 2021. (*Id.*) On February 11, 2021, the parties met for an initial case management conference with the arbitrator, and set a briefing schedule for the defendant to file a motion to dismiss the plaintiff's claims pursuant to Federal Rule of Civil Procedure 12. (*Id.*)

On July 13, 2021, the arbitrator issued an "Interim Award" dismissing the plaintiff's federal claims against the defendant as well as her discrimination and retaliation claims under the New York State Human Rights Law ("NYSHRL") and the New York City Human Rights Law ("NYCHRL"). The arbitrator denied the defendant's motion to dismiss the plaintiff's hostile work environment claims under the NYSHRL and NYCHRL. (ECF No. 48-2.)

The parties were scheduled to hold a status call to discuss discovery on July 28, 2021, but the plaintiff, citing health concerns, did not participate. (ECF No. 38 at 1.) The plaintiff was not available in the months that followed, so the preliminary conference did not take place until January 6, 2022. (ECF No. 44 at 2.) At this hour-long telephone conference, where the plaintiff appeared *pro se*, the arbitrator explained the discovery process, and the parties agreed to deadlines for document production. (*Id.*) However, the plaintiff resisted the arbitrator's efforts to schedule her deposition; she did not think that she should be deposed because her allegations were laid out in her complaint. (*Id.*) The arbitrator tried to explain why the deposition was necessary by describing the difference between allegations and evidence, and in that context, said that he "didn't care about what was in her statement of claim." The plaintiff got upset, yelled that she did not wish to participate in the arbitration, and hung up the phone. (*Id.*)

In a January 31, 2022 letter motion, the plaintiff requested that "the arbitration agreement be voided and the award be overturned[.]" (ECF No. 43 at 1.) The plaintiff accused the arbitrator of misusing his authority, and alleged he was "in obvious collusion with defense counsel" in violation of Section 10(a)(3) of the FAA and Rule 39(c) of the AAA's Employment Arbitration Rules. In particular, the plaintiff faulted the arbitrator because he could not name one of the managers whom she accused of sexual harassment; according to the plaintiff, she named the manager in one of her submissions. (*Id.*) At one point, the arbitrator said, "I don't care who the manager is," which the plaintiff took as the arbitrator's indifference to her claims. (*Id.* at 3.)

In addition, the plaintiff accused the arbitrator of *ex-parte* communications with defense counsel, because without seeking the plaintiff's consent, the arbitrator ruled that defense counsel

3

could depose her. (*Id.*) Finally, the plaintiff claimed that the arbitrator refused to investigate why the defendant fired her. (*Id.*)

On March 8, 2022, the arbitrator gave the defendant leave to seek dismissal of this case for failure to prosecute because the plaintiff would not participate in the arbitration process. (ECF No. 46 at 4.)

The plaintiff filed another letter on April 1, 2022, raising additional complaints about the arbitration process. (ECF No. 46 at 1.) The plaintiff complains that when the arbitrator entered a confidentiality order, he "accepted an agreement on my behalf toward perjuring me[.]" (*Id.* at 2.) The plaintiff believes that the order required her to perjure herself because she had already revealed confidential facts in describing her claims in letters to U.S. senators, the Securities and Exchange Commission, Federal Trade Commission, Federal Communications Commission and various minority and women's rights advocates. (*Id.* at 4.)[1] The plaintiff also argues that the arbitrator should have postponed a March 4, 2022 status conference because the plaintiff had "floaters in her eyes," and could not review the proposed changes to the confidentiality order. (*Id.*) Finally, the plaintiff includes new claims of sexual harassment, which she seeks to add to her complaint. (*Id.* at 5.)

## LEGAL STANDARD

"Under the Federal Arbitration Act . . . a district court does not have the power to review an interlocutory ruling by an arbitration panel." *Ward v. Ernst & Young U.S. LLP*, 468 F. Supp. 3d 596, 604 (S.D.N.Y. 2020) (quoting *Michaels v. Mariforum Shipping, S.A.*, 624 F.2d 411, 414 (2d Cir. 1980)). If "arbitrators make an interim ruling that does not purport to resolve finally the

---

[1] The arbitrator issued the order anyway, explaining that it was not necessary for her to sign it in order for it to be effective. (*Id.* at 3.)

4

issues submitted to them, judicial review is unavailable." *Id.* However, "interim awards" may be subject to judicial review if they finally and conclusively dispose of a separate and independent claim. *Metallgesellschaft A.G. v. M/V Capitan Constante,* 790 F.2d 280, 283 (2d Cir. 1986); *see also SH Tankers Ltd. v. Koch Shipping Inc.*, No. 12-CV-375, 2012 WL 2357314, at *4 (S.D.N.Y. June 19, 2012).

Even when a court does review an arbitration award, it must accord the arbitrator's decision "great deference." *Duferco Int'l Steel Trading v. T. Klaveness Shipping A/S*, 333 F.3d 383, 388 (2d Cir. 2003). "A party petitioning a federal court to vacate an arbitral award bears the heavy burden of showing that the award falls within a very narrow set of circumstances delineated by statute and case law." *Id.* The FAA "permits vacatur of an arbitration award in only four specifically enumerated situations, all of which involve corruption, fraud, or some other impropriety on the part of the arbitrators." *Id.*

## DISCUSSION

Before determining whether vacatur of the arbitrator's July 13, 2021 award is appropriate under either statute or case law, I must first determine whether the arbitrator's award was "final" within the meaning of the FAA and thus ripe for review. "The Second Circuit has held that '[t]he language of the [Federal Arbitration] Act is unambiguous: it is only after an award has been made by the arbitrators that a party can seek to attack any of the arbitrators' determinations in court, by moving either to vacate the award . . . or to modify or correct it.'" *Jock v. Sterling Jewelers Inc.*, 188 F. Supp. 3d 320, 324 (S.D.N.Y. 2016) (alterations in original) (quoting *Michaels*, 624 F.2d at 414).

5

## I. The arbitrator's award regarding the plaintiff's hostile workplace claims is not final.

The arbitrator's award—entitled "Interim Award"—is clearly not final with respect to the plaintiff's hostile work environment claims under the NYSHRL and NYCHRL, because the arbitrator has not made any liability or damages determinations on those claims. "Generally, in order for a claim to be completely determined, the arbitrators must have decided not only the issue of liability of a party on the claim, but also the issue of damages." *Michaels*, 624 F.2d at 414.

Moreover, under Second Circuit precedent, arbitration awards that require "further adjudication" are presumptively not final. *See Rocket Jewelry Box, Inc. v. Noble Gift Packaging, Inc.*, 157 F.3d 174, 176 (2d Cir. 1998) ("[T]hat an arbitration award, to be final, must resolve all the issues submitted to arbitration, and that it must resolve them definitively enough so that the rights and obligations of the two parties, *with respect to the issues submitted,* do not stand in need of further adjudication.") (emphasis in original). The plaintiff's hostile work environment claims obviously require "further adjudication," as the arbitrator explained: "Now that the nature and scope of the remaining claims is clear, I will schedule a continued preliminary hearing so as to set down an appropriate schedule for the information and document exchange on Ms. Bugtani's two surviving claims." (ECF No. 48-2 at 18.)

In the year since his decision, the arbitrator has repeatedly attempted to move the case along, only to have the plaintiff put up roadblocks, including objecting to a deposition, failing to attend meetings, refusing to sign a confidentiality agreement, and making baseless accusations against the arbitrator. (*See* ECF Nos. 42, 44.) Nevertheless, the arbitrator has been diligent in trying to facilitate the exchange of documents and schedule depositions—in short, to adjudicate

6

the plaintiff's claims. Under these circumstances, I do not have the authority to review the arbitrator's award at this time.

**II.     The arbitrator's dismissal of the plaintiff's federal claims and state and local retaliation and discrimination claims does not constitute a final award.**

Unlike the arbitrator's award regarding the plaintiff's hostile work environment claims, Second Circuit precedent provides a conceivable jurisdictional premise for reviewing the arbitrator's dismissal of the plaintiff's federal claims and NYSHRL and NYCHRL retaliation and discrimination claims. As explained below, however, I conclude that the arbitrator's decisions are not ripe for review.

In *Metallgesellschaft A.G. v. M/V Capitan Constante,* the Second Circuit recognized an exception to the general prohibition on the judicial review of interlocutory arbitration awards. 790 F.2d 280, 283 (2d Cir. 1986). That exception, as articulated by the *Metallgesellschaft* court, provides that "an award which finally and definitely disposes of a separate independent claim may be [reviewed] although it does not dispose of all the claims that were submitted to arbitration." *Id*. Other courts in this circuit have exercised jurisdiction over the portions of interim arbitration awards that conclusively dismissed certain claims, even if the arbitrators allowed other claims to proceed. *See Fluor Daniel Intercontinental, Inc. v. Gen. Elec. Co.*, No. 06-CV-3294, 2007 WL 766290, at *4 (S.D.N.Y. Mar. 13, 2007) ("The claims that are dismissed . . . would seem to be finally resolved."); *see also Santos v. Gen. Elec. Co.*, No. 10-CV-6948, 2011 WL 5563544, at *6 (S.D.N.Y. Sept. 28, 2011), *report and recommendation adopted*, No. 10-CV-6948, 2011 WL 5563536 (S.D.N.Y. Nov. 15, 2011).

The arbitrator's dismissal of all the plaintiff's claims except the hostile workplace claims could represent a final and definitive resolution of those discrete claims. Specifically, every time the arbitrator granted a portion of the defendant's motion to dismiss, the relevant claims were

7

"**DISMISSED WITH PREJUDICE**." (ECF No. 48-2 at 11-17 (emphasis in original).) By dismissing the plaintiff's claims with prejudice, the arbitrator prohibited the plaintiff from amending her pleading and resubmitting the dismissed claims to the arbitrator. In other words, "the rights and obligations of the two parties, with respect to the [dismissed claims], do not stand in need of further adjudication." *Rocket Jewelry Box*, 157 F.3d at 176.

However, it is clear the arbitrator did not intend the award to be final. Thus, he instructed the parties that "if any portion of the [defendant's] motion is denied (meaning that some issue or claim needs to proceed to an evidentiary hearing), then the decision I issue would at best be an interim award[.]" (ECF No. 48-2 at 8.) He added that "[i]n either case, the decision would be without any right of either party to seek immediate relief on that decision through further court intervention." (*Id.*) And, the arbitrator stated: "This is a nonfinal, interim award in this arbitration, and, thus, is not subject to immediate, subsequent judicial proceedings, including its confirmation or vacatur." (*Id.* at 20.) In *Michaels*, the Second Circuit instructed that "[i]n order to be 'final,' an arbitration award must be *intended* by the arbitrators to be their complete determination of all claims submitted to them." 624 F.2d at 413-14 (emphasis added). In this case, the arbitrator did not intend his award to be final, and therefore "[s]ubsequent case law [that] has recognized *Michaels* for the proposition that partial and severable claims can be confirmed as final when they were intended as such by the arbitrator" is inapplicable. *See Fluor* 2007 WL 766290, at *2. Accordingly, the arbitrator's July 13, 2021 award dismissing the

8

plaintiff's federal claims and state retaliation and discrimination claims are not final awards, and are therefore not ripe for review.[2]

### III. Review of the arbitrator's interim award would cause additional unnecessary delay.

Policy considerations also weigh against reviewing the arbitrator's interim ruling. As the Second Circuit explained in *Michaels*, "[p]olicy considerations, no less than the language of the [FAA] and precedent construing it, indicate that district courts should not be called upon to review preliminary rulings of arbitrators." 624 F.2d at 414. Indeed, "applications for interlocutory relief result only in a waste of time, the interruption of the arbitration proceeding, and . . . delaying tactics in a proceeding that is supposed to produce a speedy decision." *Id.* (internal quotation marks and citation omitted). This case illustrates that concern. Over three years have passed since I first compelled arbitration in this case (ECF No. 25). I warned the plaintiff eighteen months ago that if she persisted in refusing to participate in arbitration proceedings, I would conclude that she was abandoning her claims, and would dismiss this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b) (ECF No. 30), a warning that the plaintiff has ignored. (*See* ECF No. 44 at 2.)

In my December 28, 2020 order, I ruled that "arbitration pursuant to the parties' agreement is the only avenue by which the plaintiff may pursue the relief she seeks." (ECF No. 30.) Nothing has occurred to change that assessment. If the plaintiff wishes to seek judicial

---

[2] In *Metallgesellschaft*, the court noted that non-final awards that definitively resolve discrete independent claims "may" be reviewed. 790 F.2d at 283; *see also Clarendon Nat. Ins. Co. v. TIG Reinsurance Co.*, 990 F. Supp. 304, 309 (S.D.N.Y. 1998) ("It is well-settled that an arbitration award disposing of a separate and independent claim may be deemed final and subject to confirmation although it does not dispose of all the claims that were submitted to arbitration."). I have not found any authority requiring a court to review discrete awards, especially when a party seeks vacatur rather than confirmation, and courts in this circuit have declined to exercise jurisdiction in similar instances. *See Hunt v. Mobil Oil Corp.*, 557 F. Supp. 368, 374 (S.D.N.Y.), *aff'd*, 742 F.2d 1438 (2d Cir. 1983) (holding that an arbitration award that dismissed some claims but provided for further proceedings on other claims was not final and thus not subject to judicial review).

9

review pursuant to Section 10(a) of the FAA after the arbitrator issues his final award, she must do so within 90 days of the issuance of the final award. *See* 9 U.S.C. § 12. "The period provided for [in the FAA] is a statute of limitations and the failure to bring a timely motion is an absolute bar to an application seeking vacatur or modification." *Ne. Sec., Inv. v. Quest Cap. Strategies, Inc.*, No. 03-CV-2056, 2003 WL 22535093, at *2 (S.D.N.Y. Nov. 7, 2003) (citing *Kruse v. Sands Bros. & Co., Ltd.*, 226 F. Supp. 2d 484, 487 (S.D.N.Y. 2002)).

Throughout the three years this case has been pending, I have been mindful of the plaintiff's *pro se* status, and have given her latitude because she is not a lawyer. I emphasize, however, that if the plaintiff continues in needlessly delaying the arbitration process, I will have no choice but to conclude that she is abandoning her claims.

## CONCLUSION

For these reasons, the plaintiff's motion that the Court vacate the arbitrator's July 13, 2021 interim arbitration award and void her arbitration agreement with the defendant, Dish Network LLC, is denied.

As explained in my March 5, 2021 order, the plaintiff must raise her concerns about the arbitration proceedings with the arbitrator, not with this Court.  Other than court-ordered status reports, which should be submitted jointly in accordance with my prior orders, I will not accept or respond to any other letters filed on this docket during the pendency of arbitration.  Until the arbitrator issues a final award, the plaintiff is similarly prohibited from filing any additional motions seeking vacatur of interim arbitral awards.

**SO ORDERED.**

                                                          s/Ann M. Donnelly

                                                       ANN M. DONNELLY
                                                       United States District Judge

Dated: Brooklyn, New York
        August 10, 2022