UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
                                                         :

**GEETA BUGTANI**,

                Plaintiff,

     – against –                    **MEMORANDUM DECISION AND ORDER**

                                                   18-CV-5003 (AMD) (MMH)

**DISH NETWORK, LLC**,

                Defendant.
------------------------------------------------------------ X

**ANN M. DONNELLY**, United States District Judge:

      This is the *pro se* plaintiff's third attempt to challenge this arbitration agreement. The plaintiff worked for DISH Network from January 27, 2017 to March 2, 2018. (ECF No. 56 at 4.) Pursuant to her employment contract, she signed an arbitration agreement that covered any disputes relating to her employment. (*Id.*) After she was fired, the plaintiff filed a demand for arbitration with the American Arbitration Association ("AAA") on June 29, 2018, alleging claims of discrimination, hostile work environment, and retaliation. (*Id.*; ECF No. 1 at 10–14.) She subsequently withdrew the arbitration demand on August 20, 2018 (ECF No. 1 at 28), and instead filed this action (ECF No. 1).

      On July 8, 2019, the Court held that the arbitration agreement was enforceable and stayed all proceedings pending a resolution before the arbitrator. (ECF No. 25.) Sixteen months after the Court's order, the plaintiff filed a second arbitration demand. (ECF No. 4 at 260.) On July 13, 2021, the arbitrator issued an interim, non-final award dismissing all the plaintiff's federal claims, as well as her discrimination and retaliation claims; the arbitrator did not dismiss the plaintiff's state-law hostile work environment claim. (ECF No. 54 at 256–76.)

In the five months that followed, the plaintiff rarely engaged with the defendant on discovery issues. The parties had a conference call on January 6, 2022, during which the arbitrator tried to explain the discovery process. At one point, the plaintiff became upset, announced that "[t]his arbitration is over," and hung up the phone. (ECF No. 56 at 6.) On January 31, 2022, the plaintiff filed a letter motion requesting that the Court strike the arbitration agreement and vacate the July 13, 2018 interim award; the Court denied this motion on August 10, 2022. (ECF No. 50.)

Thereafter, the plaintiff continued to ignore her discovery obligations: she did not attend status conferences, confer with the defendant on joint submissions, respond to or make discovery requests, or engage in motion practice. For example, the plaintiff refused to negotiate the terms of a protective order and did not oppose the defendant's February 7, 2022 motion seeking entry of that order. (ECF No. 56 at 13.) On March 8, 2022, the arbitrator directed the parties to provide a joint status report by April 4, 2022, stating: "[a]lthough it is my preference to resolve cases on the merits, if there are any further unexcused delays on [the plaintiff's] part, I grant leave to [the defendant] to file an appropriate application seeking to dismiss this proceeding for failure to prosecute . . . ." (ECF No 57-4 at 3.) The plaintiff did not respond or participate in any way. On September 22, 2022, the arbitrator issued a final decision dismissing the plaintiff's claims with prejudice. (ECF No. 54 at 241–76.)

The plaintiff filed a motion to vacate on December 22, 2022, alleging violations of §§ 10(a)(2), (3) and (4) of the Federal Arbitration Act ("FAA"). (ECF No. 54.) On January 19, 2023, the defendant filed a cross-motion to compel the decision. (ECF No. 55.) For the following reasons, the motion to vacate is denied and the motion to compel is granted.

## LEGAL STANDARD

In reviewing an arbitration award, the Court "must accord the arbitrator's decision 'great deference.'" *Bugtani v. DISH Network LLC*, No. 18-CV-5003, 2022 WL 3227132, at *3 (E.D.N.Y. Aug. 10, 2022) (citation omitted). "A party petitioning a federal court to vacate an arbitral award bears the heavy burden of showing that the award falls within a very narrow set of circumstances delineated by statute and case law." *Id*.

9 U.S.C. § 10(a)(1)–(4) provides that the district court may vacate an arbitration award under the following circumstances:

> (1) where the award was procured by corruption, fraud, or undue means;
> (2) where there was evident partiality or corruption in the arbitrators, or either of them;
> (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
> (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

The Second Circuit has held that "[t]he scope of [judicial] review is narrow: 'an arbitration award should be enforced, despite a court's disagreement with it on the merits, if there is a barely colorable justification for the outcome reached.'" *Loch View LLC v. Seneca Ins. Co.*, 2022 WL 1210664, at *1 (2d Cir. Apr. 25, 2022) (citing *Landau v. Eisenberg*, 922 F.3d 495, 498 (2d Cir. 2019)). Likewise, "[t]he Court may not disturb the Arbitrator's credibility or factual findings, even when it may disagree with the credibility determination, because it may not reassess the evidentiary record." *Pacheco v. Bev. Works NY, Inc.*, 2016 WL 8711094, at *5 (E.D.N.Y. Sept. 30, 2016) (citing *Wallace v. Buttar*, 378 F.3d 182, 193 (2d Cir. 2004)).

**DISCUSSION**

The plaintiff claims that the arbitrator was "evidently partial to Dish Network and is guilty of prejudicial misconduct, exceeding and imperfectly executing his powers, and even violating public policy as the award is also contrary to the national interest of the forum State." (ECF No. 54 at 1.) These claims are meritless.

**I.        The Arbitrator Was Not Partial Toward the Defendant**

The FAA provides that a district court may vacate an arbitration award "where there was evident partiality or corruption in the arbitrators, or either of them." 9 U.S.C. § 10(a)(2). "Unlike a judge, who can be disqualified in any proceeding in which his impartiality might reasonably be questioned," *Applied Indus. Materials Corp. v. Ovalar Makine Ticaret Ve Sanayi, A.S.*, 492 F.3d 132, 137 (2d Cir. 2007) (emphasis and internal quotation marks omitted), "an arbitrator is disqualified only when a reasonable person, considering all the circumstances, would *have* to conclude that an arbitrator was partial to one side," *id.* (internal quotation marks omitted).

The plaintiff alleges the arbitrator was biased in favor of the defendant because he had previously worked with defense counsel and the defendant in "unrelated matters." (ECF No. 54 at 13.) A plaintiff alleging "evident partiality" has a high burden. "Among the circumstances under which the evident-partiality standard is likely to be met are those in which an arbitrator fails to disclose a relationship or interest that is strongly suggestive of bias in favor of one of the parties." *Scandinavian Reinsurance Co. v. Saint Paul Fire & Marine Ins. Co.*, 668 F.3d 60, 72 (2d Cir. 2012). For example, an arbitrator's "a vested financial stake" in DISH Network might raise a question of bias. *Certain Underwriting Members of Lloyds of London v. Fla., Dep't of Fin. Servs.*, 892 F.3d 501, 506 (2d Cir. 2018). There was no such evidence in this case.

4

The arbitrator disclosed all material relationships among himself, the parties, and their counsel. (ECF No. 57-1 at 7.) He also made the following affirmation:

> I make these foregoing additional statements in the interest of full disclosure, and I believe I can conduct this arbitration in a fair and unbiased manner and act independently in this matter. If there is anything known to a party that is relevant in this context, that party should advise the AAA Case Manager as soon as it becomes known, and I will promptly address it.

(*Id*. at 8.) That the arbitrator worked with the defendant or its counsel in the past is not "strongly suggestive of bias." *See e.g.*, *Lloyds of London*, 892 F.3d at 507 ("past contacts do not amount to material bias"). Further, the arbitrator's appointment to unrelated matters involving counsel or the defendant is a typical business relationship. *Id*. at 507 ("the FAA does not proscribe all personal or business relationships between arbitrators and the parties"). Accordingly, the plaintiff has not demonstrated "evident partiality."

## II. The Arbitrator Did Not Engage in "Misconduct"

"It is the role of the arbitrators to make factual findings, weigh evidence, and assess the credibility of witnesses." *Moorning-Brown v. Bear, Stearns & Co.*, No. 99-CV-4130, 2005 WL 22851, at *3 (S.D.N.Y. Jan. 5, 2005) (citation omitted). Courts have interpreted § 10(a)(3), which provides for vacatur where the arbitrator is "guilty of misconduct . . . in refusing to hear evidence pertinent and material to the controversy," 9 U.S.C. § 10(a)(3), to be "narrowly construed," *Rai v. Barclays Capital Inc.*, 739 F. Supp. 2d 364, 371 (S.D.N.Y. 2010), and invoked only "where fundamental fairness is violated," *Tempo Shain Corp. v. Bertek, Inc.*, 120 F.3d 16, 20 (2d Cir. 1997) ("except where fundamental fairness is violated, arbitration determinations will not be opened up to evidentiary review"). "In making evidentiary determinations, an arbitrator need not follow all the niceties observed by the federal courts . . . . [A]lthough not required to hear all the evidence proffered by a party, an arbitrator must give each of the parties to the

5

dispute an adequate opportunity to present its evidence and argument." *Tempo Shain Corp.*, 120 F.3d at 20. Further, "manifest disregard of the evidence [is not a] proper ground for vacating an arbitrator's award. Vacatur is only permitted where the arbitrator's exclusion of evidence prejudices one of the parties." *Rai*, 739 F. Supp. 2d at 372 (alteration in original) (citations and internal quotation marks omitted.)

The plaintiff says she did not receive a "fundamentally fair hearing" and was "denied . . . relevant evidence." (ECF No. 54 at 10.) The record, however, reflects that the arbitrator's decisions were necessitated by the plaintiff's persistent refusal to participate in the arbitration. She repeatedly ignored her discovery obligations and did not serve a single discovery request. During the initial conference with the arbitrator, she announced that the arbitration was "over" and hung up the phone. Thereafter, the plaintiff continued in her refusal to participate. Because the plaintiff "did not avail [herself] of the opportunity to be heard," she cannot claim she was denied a fair hearing. *Capgemini U.S. LLC v. Sorensen*, 2005 WL 1560482, at *7 (S.D.N.Y. July 1, 2005).

Nor did the arbitrator "unduly limit[] discovery" when he issued the interim, non-final order dismissing most of the plaintiff's claims. (ECF No. 54 at 11.) The order did not narrow the scope of discovery at all. On the contrary, the arbitrator issued five case management plans to help facilitate the discovery process and allow the plaintiff time to participate. *See, e.g.*, *Santos v. Gen. Elec. Co.*, No. 10-CV-6948, 2011 WL 5563544, at *18 (S.D.N.Y. Sept. 28, 2011) (no "misconduct" where arbitrator was "even-handed," gave plaintiff "ample opportunity" to correct her mistakes, and "offered [plaintiff] a nearly unending series of chances to cure" her discovery failures), *report and recommendation adopted*, No. 10-CV-6948, 2011 WL 5563536 (S.D.N.Y. Nov. 15, 2011).

6

In short, the arbitrator gave the plaintiff every opportunity to participate in the arbitration. The plaintiff chose not to avail herself of those opportunities. Accordingly, the arbitrator's decision was sound. *Stone v. Theatrical Inv. Corp.*, 64 F. Supp. 3d 527, 535 (S.D.N.Y. 2014) ("the arbitrator had ample evidence to support her decisions").

### III.     The Arbitrator Did Not Exceed His Powers

An arbitrator exceeds his authority under § 10(a)(4) only if he (i) considers issues beyond those the parties have submitted for consideration, or (ii) reaches issues clearly prohibited by law or by the terms of the parties' agreement. *Anthony v. Affiliated Computer Servs., Inc.*, 621 F. App'x 49, 51 (2d Cir. 2015) (citation and quotations omitted). The Second Circuit has "consistently accorded" § 10(a)(4) "the narrowest of readings." *Id.* (quoting *Jock v. Sterling Jewelers, Inc.*, 646 F.3d 113, 122 (2d Cir. 2011)).

The plaintiff says that the arbitrator permitted "unlawful motion practice" and "colluded" with the defendant in issuing the interim, non-final order. (ECF No. 54 at 5–6.) However, under the AAA Employment Arbitration Rules, the arbitrator was fully authorized and obligated to hear and decide dispositive motions. The plaintiff does not explain why this was "unlawful." As explained above, there is no evidence that the arbitrator showed undue partiality to the defendant.

Nor did the arbitrator exceed his authority when he granted what the plaintiff says was a "prejudicial" protective order. (ECF No. 54 at 9.) Consistent with her refusal to participate in discovery, the plaintiff did not confer with the defendant about the terms of the order at all, despite the defendant's efforts to reach her. Moreover, she did not oppose the defendant's motion to enter the protective order. (ECF No. 56 at 22.) The arbitrator "reviewed the draft discovery confidentiality order" and "conclude[d] that it is appropriate for use in this proceeding" and provided specific revisions. (ECF No. 57-4 at 2.)

7

Finally, there is no evidence that the arbitrator issued the final award or made any other decision in manifest disregard for the law. The plaintiff does not identify any rule that the arbitrator ignored or refused to apply. *Wallace v. Buttar*, 378 F.3d 182 (2d Cir. 2004) (requiring courts to confirm arbitration awards "in all but those instances where there is no colorable justification for a conclusion"). Nor did the arbitrator reach "issues clearly prohibited by law or by the terms of the parties' agreement." *Anthony*, 621 F. App'x at 51. Rather, the final award reflects the arbitrator's detailed and neutral analysis of the facts and the relevant law, which the plaintiff does not meaningfully dispute. For these reasons, the plaintiff's § 10(a)(4) claim fails.

## CONCLUSION

For the reasons set forth above, the motion to vacate the final arbitration award is denied, and the cross-motion to confirm is granted.

**SO ORDERED.**

                                                       s/Ann M. Donnelly
                                                      ANN M. DONNELLY
                                                      United States District Judge

Dated: Brooklyn, New York
         August 31, 2023